**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4778**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRIAN KEITH MANLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-43)

Submitted: March 8, 2006          Decided: March 28, 2006

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brian Keith Manley pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(e) (2000). Because of Manley's prior convictions, he was classified as an armed career criminal under § 924(e) and exposed to a fifteen year minimum sentence. As a result of the classification, Manley was assigned a base offense level of 33 and placed in criminal history category VI. See U.S. Sentencing Guidelines Manual §§ 4B1.4(b)(3)(B),(c)(1) (2003). On appeal, Manley claimed the district court erred under Blakely v. Washington, 542 U.S. 296 (2004), by finding he was an armed career criminal. According to Manley, the prior convictions used to find he was an armed career criminal were not charged in the indictment. Manley also contends the court engaged in improper fact-finding to determine his criminal history, which was based on prior convictions, the length of sentences and the date of his most recent release from prison. While Manley did object under Blakely at sentencing, he did not contest any of the prior convictions or sentences. Finding no error, we affirm.

In Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), the Supreme Court held that Sixth Amendment protections apply only to disputed facts about a prior conviction that are not evident from "the conclusive significance of a prior judicial record." 125 S. Ct. at 1262-63. In United States v. Thompson, 421

F.3d 278 (4th Cir. 2005), <u>cert. denied</u>, __ S. Ct. __, 2006 WL 521274 (U.S. Mar. 6, 2006), this court held that predicate convictions did not have to be charged in the indictment or submitted to a jury so long as no facts extraneous to the facts necessary to support the armed career criminal enhancement need be decided to invoke the enhancement. <u>Id.</u> at 282-84, 284 n.4. Manley's prior record established conclusively that he had three convictions for violent felonies committed on different occasions: four counts of breaking and entering and one count of felony arson. Accordingly, the facts of those prior convictions properly resulted in Manley being considered an armed career criminal.

We also find no error in placing Manley in criminal history category VI. The facts of prior convictions and the sentences established enough points to reach category VI. Moreover, Manley did not challenge the existence of any prior conviction or sentence. <u>See</u> <u>United States v. Collins</u>, 412 F.3d 515, 522-23 (4th Cir. 2005) (finding no Sixth Amendment violation where nature and separateness of predicate offenses for career offender status was undisputed).

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -